WILLIAM G. MALCOLM, #129271
DON ROBINSON, #123411
KEVIN HAHN, #231579
MALCOLM ♦ CISNEROS
2112 Business Center Drive
2nd Floor
Irvine, California 92612
Telephone:    (949) 252-9400
Telecopier:   (949) 252-1032

 Attorneys for Movant

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>KANG JIN HWANG,<br><br>      Debtor.<br>_____<br>FDIC as Conservator for<br>INDYMAC FEDERAL BANK, FSB,<br><br>      Movant,<br><br>      vs.<br><br>KANG JIN HWANG, Debtor, and<br>SAM S. LESLIE,<br><br>      Respondents. | Case No. 2:08-bk-15337 SB<br><br>[Chapter 7]<br><br>**SECOND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDYMAC FEDERAL BANK'S MOTION FOR RELIEF FROM STAY**<br><br>**DATE:** September 23, 2008<br>**TIME:** 9:30 a.m.<br>**CTRM:** 1575<br>      255 E. Temple Street<br>      Los Angeles, CA 90012 |

        INDYMAC FEDERAL BANK ("IndyMac Federal") respectfully

submits the following Memorandum of Points and Authorities

designed to address the points raised in the Court's Opinion

Denying Lift Stay for Failure to Join Real Party In Interest

("Opinion").

///

///

///

SUPPLEMENTAL BRIEF                1
EFP/IMB/18081

# I. INTRODUCTION

IndyMac is the holder of the note and, as such, has the authority to enforce the obligations secured by the deed of trust. Moreover, as the loan servicer for Freddie Mac and agent for collection, IndyMac is a real party in interest entitled to bring suit in its own name even if it lacks a beneficial interest in the loan.

The requirements of Rule 17(a) of the Federal Rules of Civil Procedure are for the benefit of defendants and an objection on real party in interest grounds is waived if not raised in a timely fashion. In the present case, the Debtor has scheduled IndyMac as a creditor with an undisputed claim, admitted that he lacks equity in the property that is the subject of the relief from stay motion, and signaled his intent to surrender the property to IndyMac. The Debtor and the Trustee do not oppose relief from stay. Neither the Debtor nor the Trustee has objected to the motion for relief from stay on the ground that IndyMac is not the real party in interest. As such, IndyMac objects to the Bankruptcy Court raising the real party in interest issue of Rule 17(a) *sua sponte*.

# II. FACTS

On January 25, 2007, Kang Jin Hwang ("Debtor") executed an Adjustable Rate Note ("Note") payable to Mortgageit, Inc. ("Mortgageit") for $376,000.00. Real Property Declaration of Erica A. Johnson-Seck ("Real Property Declaration")(attached to the Notice of Motion and Motion for Relief from the Automatic Stay), Exh. 2. Mortgageit indorsed the Note to IndyMac Bank, F.S.B. by affixing a stamp that provided: "Pay to the order of:

SUPPLEMENTAL BRIEF                    2
EFP/IMB/18081

1   IndyMac Bank, F.S.B., Without Recourse, Mortgageit, Inc." The

2   indorsement was signed by Stacy Asher, Mortgageit's Assistant

3   Secretary. *Id.*, Exh. 2, p. 4.

4        The Note was secured by a Deed of Trust that

5   identified Debtor as the borrower, Mortgageit as the lender, and

6   Mortgage Electronic Registration Systems, Inc. ("MERS") as the

7   beneficiary. Real Property Declaration, Exh. 1. The Deed of

8   Trust encumbered the real property located at 501 Delamere Way,

9   Las Vegas, Nevada 89123 ("Property"). On January 28, 2008, MERS

10  assigned the Deed of Trust "*TOGETHER with the note or notes*

11  *therein described* and secured thereby" to IndyMac Bank, FSB.

12  *Id.*, Exh. 3 (emphasis added). The assignment was recorded with

13  the Office of the Clark county Recorder on May 6, 2008. *Id.*

14       On April 22, 2008, the Debtor filed the above-

15  captioned Chapter 7 bankruptcy case. The Debtor listed IndyMac

16  Bank, F.S.B. as a secured creditor holding a first mortgage on

17  the Property securing a claim that the Debtor estimated at

18  $375,762.00.[1]  Real Property Declaration, Exh. 4. The Debtor did

19  not check the box that would have indicated that the claim was

20  disputed. *Id*.

21       The Debtor's schedules show that as of the filing date

22  the Property was worth $358,000.00 and encumbered by liens

23  totaling $477,921.00.  Real Property Declaration, Exh. 4.  The

24  Debtor filed a Chapter 7 Individual Debtor's Statement of

25  Intention indicating that he intended to surrender the Property

26  to IndyMac Bank, F.S.B.  Motion for Relief from the Automatic

27  _____

28  [1] IndyMac's records show that the Debtor actually owed IndyMac
    $404,155.90 after prepetition interest, late charges, costs and advance
    were added. Real Property Declaration, p. 2.

SUPPLEMENTAL BRIEF          3
EFP/IMB/18081

1   Stay, p. 2, § 3(a)(4); Chapter 7 Individual's Debtor's Statement

2   of Intention.

3        On May 23, 2008, IndyMac Bank, F.S.B. filed the

4   present motion for relief from stay.  Neither the Debtor nor the

5   Chapter 7 Trustee opposed the motion or disputed IndyMac's

6   claim.  Nevertheless, the court issued an order requiring

7   IndyMac to bring to court each declarant for whom a declaration

8   had been submitted in support of its motion pursuant to Local

9   rule 9013-1(a)(13)(A).  According to the Court, "[a] similar

10  order has been issued by the court in other motions for relief

11  from the automatic stay since the beginning of the year because

12  this court has taken notice of recent cases and academic studies

13  that reveal the inaccuracy of payment records in the mortgage

14  industry."[2]  Opinion, p. 2.

15       In addition, the Court required IndyMac Bank, F.S.B.

16  to bring the original promissory note to court for inspection.

17  As the Court noted, it imposed this requirement in January of

18  this year on all moving parties seeking relief from stay based

19  upon promissory notes because "developments in the secondary

20  market for mortgages (and other security interests) have caused

21  the court to lack confidence that presenting a copy of a

22  promissory note is sufficient to show that a movant has the

23  right to enforce the note, or that it otherwise qualifies as a

24  real party in interest (as required by Rules 7017 and 9014."

25  Opinion, p. 2.

26  ///

27  _____

28  [2] The Court cited no cases and only one such academic study.  The Court
    did not single out Movant as a party which, in the Court's experience,
    had a history of keeping inaccurate payment records.

SUPPLEMENTAL BRIEF                    4
EFP/IMB/18081

1          The Office of Thrift Supervision closed IndyMac Bank,

2    F.S.B. on July 11, 2008 and appointed the Federal Deposit

3    Insurance  Corporation  ("FDIC")  as  receiver  for  the  bank.

4    Supplemental Declaration of Erica Johnson-Seck In Support of

5    IndyMac Federal Bank's Motion for Relief from Stay (Johnson-Seck

6    Supplemental  Declaration"),  p.  2.    On  the  same  date,  a  new

7    institution,  IndyMac  Federal  Bank,  F.S.B.  ("IndyMac  Federal")

8    was chartered and all the insured deposits and substantially all

9    of  the  assets  of  the  receiver  were  transferred  to  IndyMac

10   Federal.    *Id*.    IndyMac  Federal  was  then  placed  into

11   conservatorship and the FDIC was appointed as conservator.  *Id*.

12         The Court held a hearing on the relief from stay

13   motion on July 15, 2008.   Neither the Debtor nor the Chapter 7

14   Trustee appeared to oppose the motion.   Erica Johnson-Seck, Vice

15   President  of  the  bankruptcy  and  foreclosure  departments  of

16   IndyMac Federal (who served in the same capacity at IndyMac

17   Bank,  F.S.B.),  testified  as  to  the  accuracy  of  the  bank's

18   payment  records  and  presented  the  original  promissory  note  to

19   the Court for inspection.

20         The  Court  raised  the  issue  of  IndyMac's  standing

21   because of the FDIC's appointment as receiver.  After Johnson-

22   Seck testified that IndyMac Bank's assets, including the loan,

23   had  been  transferred  to  IndyMac  Federal,  which  is  still

24   servicing the loan, the Court allowed the hearing to proceed.

25         The  Court  was  "satisfied  with  the  declarant's

26   testimony on the accuracy of the payments records," but asked

27   whether there was an investor for the loan.  Opinion, p. 3.

28   Johnson-Seck testified that IndyMac was the holder of the note

1  but had sold the loan to the Federal Home Loan Mortgage

2  Corporation ("Freddie Mac").  IndyMac continued to service the

3  loan for Freddie Mac, as the investor.  The Court concluded that

4  that Freddie Mac was the real party in interest.  Id., p. 5.

5  The Court continued the hearing to August 26, 2008 allow IndyMac

6  Federal to address this issue.

7      On August 22, 2008, IndyMac Bank filed a Notice of

8  Substitution that provided that "FDIC as Conservator for IndyMac

9  Federal Bank, F.S.B." was being substituted as the Movant in the

10 motion for relief from stay.  On the same day, IndyMac Federal

11 filed a Supplemental Memorandum of Points and Authorities

12 asserting that it had standing as a loan servicer to file the

13 motion for relief from stay and was the real party in interest.

14      The Court held the continued hearing on August 26,

15 2008.  In its Opinion denying relief from stay, the Court held

16 that "IndyMac is not the *real* party in interest pursuant to Rule

17 17 of the Federal Rules of Civil Procedure, in that it lacks the

18 legal right to enforce the obligation secured by this mortgage."

19 Opinion, p. 1.  The Court based this holding on its conclusion

20 that Freddie Mac was the holder of the Note and the only party

21 entitled to enforce it even though IndyMac was the authorized

22 loan servicer, the Note had been indorsed to IndyMac Bank,

23 F.S.B., which filed the motion for relief from stay, and IndyMac

24 Bank, F.S.B. possessed the Note when the motion was filed.

25      The Court again continued the hearing to allow the

26 real party in interest to join in, ratify or substitute into the

27 motion.

28

SUPPLEMENTAL BRIEF              6
EFP/IMB/18081

1                          **III. DISCUSSION**

2       **A.    IndyMac Is The Holder of the Note With The Legal Right**

3              **to Enforce It And Therefore The Real Party In Interest**

4              As the Court recognizes, the "person entitled to

5       enforce a note (with minor exceptions not relevant to this case)

6       is the 'holder' of the note.   See CCC § 3-301(a)."   [T]he real

7       party in interest rule requires the holder of the note to bring

8       the motion for relief from stay."   Opinion, p. 5.   In the

9       present case, the motion for relief from stay was brought by

10      IndyMac Bank, F.S.B., the holder of the note and therefore by

11      the real party in interest.

12             California Commercial Code § 3301 defines "Person

13      entitled to enforce an instrument" as "(a) the holder of the

14      instrument, (b) a non-holder in possession of the instrument who

15      has the rights of a holder …."   California Commercial Code §

16      1201(b)(21)(A), in turn, defines a "holder" as a "person in

17      possession of a negotiable instrument that is payable either to

18      bearer or, to an identified person that is the person in

19      possession ...."

20             The Court has assumed throughout these proceedings

21      that the Note is a negotiable instrument.[3]   Opinion, p. 5.

22      IndyMac is in possession of the Note and produced the original

23      of the Note at trial.   Opinion, p. 5.   The Note was originally

24      payable to Mortgageit, which transferred possession to IndyMac

25      Bank, F.S.B. after endorsing the Note and making it payable to

26

27      [3] There is no question that the elements of negotiability set forth in
California Commercial Code § 3104 are satisfied: the Note is an
unconditional promise to pay to bearer or to order, is payable at a

28      definite time, and does not state any other undertaking by the Debtor
other than to give, maintain or protect collateral to secure payment.

SUPPLEMENTAL BRIEF                    7
EFP/IMB/18081

1   the order of IndyMac Bank, F.S.B.  Thus, at the time the motion

2   for relief from stay was filed, IndyMac Bank, F.S.B. was the

3   "person in possession of a negotiable instrument that is payable

4   … to an identified person that is the person in possession" and

5   therefore the "holder" of the Note under California Commercial

6   Code §§ 1201(b)(21)(A) and 3201.

7         IndyMac's Vice President testified that IndyMac was

8   the holder of the Note at the hearing on July 15, 2008.  The

9   Court rejected that testimony on the grounds that terms "owner"

10  and "holder" are effectively synonymous and IndyMac cannot be

11  the holder of the Note and entitled to enforce it if Freddie Mac

12  owns it.  Opinion, p. 3.  IndyMac respectfully disagrees.

13        The California Commercial Code draws a clear

14  distinction between the owner of a note and the holder of a note

15  and makes it clear that the owner of a note may have no right to

16  enforce it.  The Official Comment to California Commercial Code

17  § 3203 provides:

18        The right to enforce an instrument and ownership
          of the instrument are two different concepts. […]
19        Ownership rights in instruments may be determined by
          principles of the law of property, independent of
20        Article 3, which do not depend upon whether the
          instrument was transferred under Section 3-203.
21        *Moreover, a person who has an ownership right in an*
          *instrument might not be a person entitled to enforce*
22        *the instrument.* For example, suppose X is the owner and
          holder of an instrument payable to X. X sells the
23        instrument to Y but is unable to deliver immediate
          possession to Y. Instead, X signs a document conveying
24        all of X's right, title, and interest in the instrument
          to Y. Although the document may be effective to give Y
25        a claim to ownership of the instrument, Y is not a
          person entitled to enforce the instrument until Y
26        obtains possession of the instrument. No transfer of
          the instrument occurs under Section 3-203(a) until it
27        is delivered to Y.

28

SUPPLEMENTAL BRIEF          8
EFP/IMB/18081

1    In the present case, IndyMac was the owner and is the

2    holder of the Note.   IndyMac sold the loan to Freddie Mac but

3    did not indorse the Note to Freddie Mac or deliver possession.

4    Thus, Freddie Mac is the beneficial owner of the loan but

5    IndyMac remains the holder of the note with the exclusive right

6    to enforce the instrument.   See, e.g., *FDIC v. Houde*, 90 F.3d

7    600, 605 (1st Cir. 1996) (FDIC was not the holder under Maine law

8    because negotiation requires transfer of possession of the

9    instrument and its indorsement by the holder); *New Haven Savings*

10   *Bank v. Follins*, 431 F.Supp.2d 183, 195 (D. Mass. 2006) (party's

11   "ability to qualify as an owner is not contingent upon achieving

12   holder status").

13        As the Court indicated, "the real party in interest

14   rule requires the holder of the note to bring the motion for

15   relief from stay."   Opinion, p. 5.   This is exactly what

16   occurred in the present case.

17   **B.   An Agent For Collection, Such As IndyMac, Is A Real**

18   **Party In Interest And Is Not Required To Litigate In**

19   **The Name Of Its Principal Even If It Lacks A**

20   **Beneficial Interest In The Claim**

21        The fact that IndyMac has transferred the beneficial

22   interest in the loan to Freddie Mac does not preclude IndyMac

23   from filing suit in its own name.   As the United States Supreme

24   Court recently noted, courts of law since the 18th century have

25   permitted the assignor of a claim, such as IndyMac, to sue in

26   its own name even when it had transferred away its beneficial

27   interest in the claim.   *Sprint Communications Co., L.P. v. APCC*

28   *Services, Inc.*, __ U.S. __, 128 S.Ct. 2531, 2537, 171 L.Ed.2d

1   424, 432 (2008) (citing *Winch v. Keeley*, 1 T.R. 619, 99 Eng.

2   Rep. 1284 (K.B. 1787) (allowing the bankrupt assignor of a

3   choose in action to sue a debtor for the benefit of the assignee

4   because the assignor possessed legal but not equitable title)).

5          As the holder of the Note indorsed by Mortgageit and

6   the assignee of the Note and Deed of Trust from MERS, IndyMac is

7   entitled   to   seek   relief   from   stay   in   its   own   name

8   notwithstanding its agreement to service the loan for Freddie

9   Mac's benefit.   As the Supreme Court stated in holding that

10  assignees for collection may bring suit in their own names:

11         *[S]o many* States allowed [assignee-for-collection
       suits] that by 1876, the distinguished procedure and
12     equity scholar John Norton Pomeroy declared it "settled
       by a *great preponderance* of authority, although there
13     is some conflict" that an assignee is "entitled to sue
       in his own name" whenever the assignment vests "legal
14     title"   in   the   assignee   and   notwithstanding   "any
       contemporaneous collateral agreement by virtue of which
15     he is to receive a part only of the proceeds … or even
       is to thus account [to the assignor] for the *whole*
16     proceeds." Remedies and Remedial Rights § 132, p. 159
       …. Other contemporary scholars reached the same basic
17     conclusion. See, e.g., P. Bliss, A Treatise upon the
       Law of Pleading § 51, p. 69 (2d ed. 1887) (stating that
18     "*[m]ost of the courts* have held that where negotiable
       paper has been indorsed, or other choses in action have
19     been assigned, it does not concern the defendant for
       what purpose the transfer has been made" and giving
20     examples of States permitting assignees to bring suit
       even where they lacked a beneficial interest in the
21     assigned claims (emphasis added)). See also Clark &
       Hutchins, supra, at 264 ("*many, probably most, American
22     jurisdictions*" have held that "an assignee who has no
       beneficial interest, like an assignee for collection
23     only, may prosecute an action in his own name"
       (emphasis added)). Even Michael Ferguson's California
24     Law Review Comment … recognizes that "*[a] majority of
       courts* has held that an assignee for collection only is
25     a real party in interest" entitled to bring suit.

26  *Sprint Communications Co.*, *supra*, __ U.S. __, 128 S.Ct. at 2539-

27  2540, 171 L.Ed.2d at 4350-436 (quoting Comment, The Real Party

28  in Interest Rule Revitalized: Recognizing Defendant's Interest

SUPPLEMENTAL BRIEF              10
EFP/IMB/18081

1   in the Determination of Proper Parties Plaintiff, 55 Cal. L.

2   Rev. 1452, 1475 (1967)(noting that even "[t]he few courts that

3   have wavered on the question have always ended up in the camp of

4   the majority")).

5        **C.   IndyMac Objects To The Court Raising Rule 17(a) *Sua***

6               **Sponte***

7         Rule 17(a) requires that "Every action shall be

8   prosecuted in the name of the real party in interest." Because

9   the requirements of Rule 17(a) are for the benefit of

10  defendants, numerous courts, including the Ninth Circuit Court

11  of Appeals, have held that an objection on real party in

12  interest grounds is waived if not raised in a timely fashion.

13  *See Ensley v. Cody Res.*, 171 F.3d 315, 319-320 (5th Cir. 1999);

14  *United Health Care Corp. v. American Trade Ins. Co.*, 88 F.3d

15  563, 569 (8th Cir. 1966); *United States ex rel. Reed v. Callahan*,

16  884 F.2d 1180, 1183 n. 4 (9th Cir. 1989).

17        In the present case, neither the Debtor nor the

18  Trustee raised the issue of whether IndyMac was the real party

19  in interest.   Indeed, neither the Debtor nor the Trustee

20  appeared at the hearing or opposed the motion for relief from

21  stay.   Instead, this Court raised the real party in interest

22  issue on its own initiative. This raises the threshold question

23  of whether the Court may raise Rule 17(a) *sua sponte* and thereby

24  preclude IndyMac from asserting that the real party in interest

25  objection has been waived because of the failure of the Debtor

26  or Trustee to raise the issue.

27        Courts are divided on the issue. The Ninth Circuit

28  Court of Appeals has not decided the issue. The Sixth Circuit

1   Court of Appeals reversed a district court for raising such an

2   objection on its own motion in *Kardo v. Adams*, 231 F. 950, 959

3   (6th Cir. 1916).  The Seventh Circuit Court of Appeals disagreed

4   with that conclusion in *Weissman v. Weener*, 12 F.3d 84, 85-86

5   (7th Cir. 1993), but also held that a plaintiff waives the right

6   to complain by failing to object when the trial court raises

7   Rule 17(a) sua sponte.

8        To prevent a similar result in the present case and

9   preserve its right upon appeal, IndyMac objects to the

10  Bankruptcy Court raising the real party in interest issue of

11  Rule 17(a) *sua sponte*.

12                      **IV.   CONCLUSION**

13       In conclusion, the motion for relief from stay was

14  filed by the real party in interest.  IndyMac is the holder of

15  the Note and has the authority to enforce the obligations

16  secured by the Deed of Trust.  An agent for collection, such as

17  IndyMac is entitled to bring suit in its own name even if it

18  lacks a beneficial interest in the claim.

19       For the foregoing reasons, Movant respectfully

20  requests the Court to grant IndyMac Federal's motion for relief

21  from stay.

22  Dated:  September 16, 2008    MALCOLM ♦ CISNEROS

23

24                          By: */s/ William G. Malcolm*
                                WILLIAM G. MALCOLM
25                              Attorneys for Movant

26

27

28

## PROOF OF SERVICE

I am employed by the law firm of Malcolm ♦ Cisneros in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2112 Business Center Drive, Second Floor, Irvine, California 92612.

On September 16, 2008, I caused to be served the document entitled:

**SECOND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDYMAC FEDERAL BANK'S MOTION FOR RELIEF FROM STAY**

on the following interested parties:

**SEE ATTACHED SERVICE LIST**

☒ (By Mail)  I caused each envelope, with postage prepaid, to be placed in the United States mail at Irvine, California.

☐ (By Hand)  I caused each envelope to be delivered by hand.

☐ (By Overnight Courier)  I caused each envelope, with postage prepaid, to be sent by Federal Express/ Express Mail.

☐ (By Facsimile Transmission)  I caused each document to be sent by automatic facsimile transmission to the following telephone numbers and confirmed by voice communication that the transmission was received:

☒ (By Electronic Transmittal) Service via electronic transmission pursuant to the Public Notice re: Consent to Electronic Notice and Service of Documents:

**OFFICE OF THE UNITED STATES TRUSTEE**

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction service was made and that the foregoing is true and correct and that this declaration was executed on the date indicated below at Irvine, California.

DATED: September 16, 2008

_____
ERICA F. PEDRAZA

SUPPLEMENTAL BRIEF                     13
EFP/IMB/18081

1

2

3

**SERVICE LIST**

**KANG JIM HWANG**

**CASE NO. 2:08-bk-15337-SB**

_____

4

5

6

**DEBTOR:**

Kang Jin Hwang

1635 4th Street

Los Angeles CA 90019

7

8

9

**DEBTOR'S ATTORNEY:**

Robert K. Lee

3435 Wilshire Blvd, Ste 2741

Los Angeles CA 90010

10

11

12

**CHAPTER 7 TRUSTEE:**

Sam S. Leslie

Leslie Engell & Associates LLP

6310 San Vicente Blvd, Ste 320

Los Angeles CA 90048

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL BRIEF                    14

EFP/IMB/18081